**6**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Plaintiff/Debtor
Rankin Guy Lyman

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF<br><br>RANKIN GUY LYMAN<br><br>       Debtor.       /<br><br>RANKIN GUY LYMAN<br><br>       Plaintiff,<br>v.<br><br>AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC., d/b/a ABC SUPPLY CO., INC.<br><br>       Defendant.     / | Case No. 19-27775-13<br><br>**ADVERSARY COMPLAINT FOR:**<br><br>**1. VIOLATION OF U.S.C. 362(a)**<br>**2. QUIET TITLE: C.C.P. 764.010**<br>**3. SET ASIDE FRAUDULENT TRANSFER: C.C.C. 3439.04**<br>**4. ATTORNEY FEES AND DAMAGES: 11 U.S.C. 362(k)** |

    Plaintiff/Debtor, Rankin Guy Lyman (hereinafter "Plaintiff" and/or "Debtor"), brings this action seeking enforcement of the automatic stay, pursuant to 11 U.S.C. 362(a), and Quiet Title, pursuant to C.C.P. 764.010, returning the status quo on the date Debtor filed his Chapter 13 case on December 17, 2019.

//

//

## I. NATURE OF THE CASE

Plaintiff brings this action against Defendant pursuant to 11 U.S.C. 362(a), to allow the Bankruptcy Court to Quiet Title due to the void Abstract of Judgment, which arose Post-Petition pursuant to Case No. 34-2018-00246116-CU-CO-GDS, which was not noticed on the Debtor, nor did Defendant obtain a Relief From the Automatic Stay.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this contested matter under 28 U.S.C. 1334(a) and 157(a), and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the Bankruptcy Court.

2. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(o). Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. 157, 1344, 1335, and 1397.

3. This proceeding arises in and relates to the Chapter 13 bankruptcy case of Debtor, Rankin Guy Lyman, Case No. 19-27775-A-13C, filed on December 17, 2019.

4. This Court possesses personal jurisdiction over Defendant based on Defendant's presence and/or transaction of business and/or contacts within this District.

5. Venue is proper in this District in that Defendant is authorized to do business in California or, at all times relevant herein, has regularly conducted business within this District.

//
//
//

## III. PARTIES

6. Plaintiff, Rankin Guy Lyman, is the Debtor in the underlying Chapter 13 case.

7. Defendant, American Builders & Contractors Supply Co., Inc. ("Defendant"), is the Creditor who recorded an Abstract of Judgment against the Debtor post-petition, Case No. 34-2018-00246116-CU-CO-GDS, and was represented by Christine L. Anderson, Esq. of Dicker & Dicker, LLP, who is licensed to practice in the State of California.

## IV. FACTS - GENERAL ALLEGATIONS

8. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 8 as though fully set forth herein.

9. Plaintiff, Rankin Guy Lyman, is the owner of the subject real property, commonly known as 8987 Prairie Trail Way, Sacramento, California 95826 ("Subject Property").

10. The Plaintiff filed bankruptcy on December 17, 2019, Case No. 19-27775.

11. The Defendant was properly noticed of the bankruptcy filing.

12. On June 3, 2020, Defendant filed an Abstract of Judgment in the amount of $101,153.30. See Exhibit #1.

13. On November 20, 2020, Plaintiff's counsel sent a letter formally requesting release of the involuntary lien. See Exhibit #2.

14. On December 22, 2020, counsel for the Defendant sent an email acknowledging receipt of counsel's letter "regarding the Abstract filed by ABC Supply."

//

15. Defendant sent another email on January 5, 2021, but to date has not released the Abstract of Judgment.

**V. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Violation of 11 U.S.C. 362(a)**

16. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 15 as though fully set forth herein.

17. Defendant intentionally failed to give Plaintiff/Debtor any notice prior to filing the Abstract Judgement listed above.

18. Defendant had actual knowledge that the Plaintiff was in an active Chapter 13 bankruptcy.

19. Defendant had actual notice that Plaintiff filed Case No. 19-27775 on December 17, 2019.

20. Defendant did not seek relief from the automatic stay in this case.

21. Defendant purposely ignored 11 U.S.C. 362(a).

22. Defendant acted intentionally by recording an Abstract Judgment post-petition.

23. Defendant has actual knowledge of the dispute with the Plaintiff/Debtor as to the validity of the Abstract Judgment and the post-petition recording.

24. Defendant is in violation of 11 U.S.C. 362(a).

25. Defendant has failed to remedy the violation after being notified thereof.

26. Defendant is liable, pursuant to 11 U.S.C. 362(f), for all damages arising from the violation of 11 U.S.C. 362(a).

//

//

**SECOND CAUSE OF ACTION**

**(Quiet Title - C.C.P. 794-010)**

27. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff holds rightful title against the claims of Defendant.

29. Plaintiff seeks title to be returned to the Plaintiff, and release the Abstract Judgment and clear title.

30. Violations of 11 U.S.C. 362(a) are void, and Defendant's title should be voided.

31. Defendant's Abstract Judgment should be voided.

**THIRD CAUSE OF ACTION**

**(To Set Aside Fraudulent Transfer of Subject Property)**

32. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 31 as though fully set forth herein.

33. Defendant holds title to the Subject Property, and has continued to retain title to the Subject Property.

34. Violations of 11 U.S.C. 362(a) are void.

**FOURTH CAUSE OF ACTION**

**(Damages Pursuant to 11 U.S.C. 362(k))**

35. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff has suffered actual injury by the actions specified in this Complaint including, but not limited to, the loss of title to the Subject Property, actual costs, and attorney fees.

//

//

37. Title 11 of the United States Code, Section 105(a) allows this Court the power to void all actions in violation of 11 U.S.C. 362(k), and restore possession of the Subject Property to the Plaintiff.

**VI. REQUEST FOR JUDGMENTS AND ORDERS**

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

a. For a determination that the Abstract of Judgment recorded on June 3, 2020, No. 202006030746 is void;

b. For a determination that Defendant is in violation of 11 U.S.C. 362(a);

c. For a determination that Defendant is liable to Plaintiff subject to 11 U.S.C. 362(k); and

d. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: March 15, 2021          /s/ Peter G. Macaluso
                               Peter G. Macaluso
                               Attorney for Plaintiff